**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**SHIRLEY WHITFIELD**                                                                               **PLAINTIFF**

**v.**                                              **CASE NO. 4:05-CV-154 GTE**

**K-MAC ENTERPRISES, INC.**                                                            **DEFENDANT**

### ORDER ON MOTION FOR SUMMARY JUDGMENT

Presently before the Court is Defendant's Motion for Summary Judgment. The Court will grant summary judgment in favor of Defendant K-Mac Enterprises.

**I. Background**

Defendant K-Mac Enterprises, Inc. ("K-Mac") hired Plaintiff Shirley Whitfield, a fifty-three year-old African-American female on January 8, 1997. Plaintiff worked as store manager of Defendant's Store #574, a "KFC/Taco Bell 2-in-1 restaurant" located in North Little Rock. Between 2002 and 2004, Plaintiff earned between $707 and $744 per week, and received bonuses of $2,300 in 2002, $6,400 in 2003, and $2,600 in 2004.[1] Plaintiff received no negative performance evaluations until her termination in October 2004.

Individuals applying for employment at a K-Mac restaurant must take and pass a Team Member Readiness Inventory ("TMRI") test. The store manager must report the TMRI test result to a third party, Aon Consulting, which oversees the testing procedures. Applicants must achieve a particular score on the TMRI test in order to be classified as "green" and qualify for employment.

---

[1] The bonuses paid to Plaintiff were based upon the performance of the restaurant Plaintiff managed.

In October 2004, Defendant conducted an internal investigation into the hiring practices of Store #574, managed by Plaintiff. This investigation apparently revealed discrepancies in the TMRI test results reported by the restaurant. There were indications that applicants were receiving passing scores for the TMRI test when those applicants had actually failed the test, and that the same answer sheet was reported for different applicants. Defendant concluded from its investigation that Plaintiff had falsified the TMRI test results in order to hire unqualified individuals. Defendant fired Plaintiff and promoted assistant store manager Robert McLemore, a forty-seven year-old African-American male, to replace Plaintiff as store manager.

On February 8, 2005, Plaintiff initiated this action against Defendant alleging race, age, and sex discrimination in violation of Title VII of the Civil Rights Act of 1964. Plaintiff requests reinstatement, compensatory and punitive damages as well as injunctive relief. On January 4, 2006, Defendant filed this Motion for Summary Judgment. Plaintiff filed her opposition to Summary Judgment on February 6, 2006. Subsequently, Plaintiff's counsel withdrew from this case, and Plaintiff now proceeds *pro se*.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when, in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Eighth Circuit set out the burdens of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point[] out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id*. at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)(brackets in original)).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id*.

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. Rule 56(e). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof

at trial.  *Celotex Corp.*, 477 U.S. at 322.

### III. Discussion

"A plaintiff may prove intentional race discrimination using either direct or indirect (circumstantial) evidence." *Putman v. Unity Health System*, 348 F.3d 732, 734 (8th Cir. 2003). "[I]f a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 997 (2002). "Evidence is 'direct' if it establishes 'a specific link between the [alleged] discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated' the employer's decision." *Id*. at 735 (quoting *Thomas v. First Nat'l Bank of Wynne*, 111 F.3d 64, 66 (8th Cir.1997)). "A plaintiff with strong (direct) evidence that illegal discrimination motivated the employer's adverse action does not need the three-part McDonnell Douglas analysis to get to the jury, regardless of whether his strong evidence is circumstantial." *Griffith v. City of Des Moines*, 387 F.3d 733, 736 (8th Cir. 2004).

Where, as here, there is no direct evidence of discrimination, the plaintiff may present indirect evidence under the familiar *McDonnell Douglas* burden-shifting analysis:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252-53 (1981) (citation omitted).

**A.     *Prima Facie* Case of Discrimination**

To establish a *prima facie* case of discriminatory termination, Plaintiff must prove: "'(1) [she] is a member of a protected class; (2) [she] was capable of performing [her] job satisfactorily; and (3) [she] was discharged.'" *Briggs v. Anderson*, 796 F.2d 1009, 1021 (8th Cir. 1986) (*quoting Johnson v. Yellow Freight System, Inc.*, 734 F.2d 1304, 1307 (8th Cir. 1984)). However, the Supreme Court has opined that "the precise requirements of a prima facie case can vary depending on the context and were 'never intended to be rigid, mechanized, or ritualistic.'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 997 (2002) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978)). Indeed, the Eighth Circuit has held that "[t]he prima facie case requires only that [the plaintiff] establish facts adequate to permit an inference of discrimination." *Williams v. Ford Motor Co.*, 14 F.3d 1305, 1308 (8th Cir. 1994).

It is clear that Plaintiff, as a fifty-three year old African-American female, is a member of a protected class and that she was discharged from her employment. The record also presents sufficient facts showing that Plaintiff performed her duties satisfactorily. Prior to Plaintiff's termination, she received no poor performance evaluations and the store she managed performed well enough to justify pay bonuses of $2,300.00, $6,400.00, and $2,600.00 over the last three years. However, Defendant argues that Plaintiff was not capable of performing her job satisfactorily, pointing to deposition testimony in which Plaintiff admits that she was unable to handle the necessary paperwork without help and that she got the paperwork "got mixed up". (Defendant's Summary Judgment Brief, Dkt. #26, p. 10). While this testimony indicates that Plaintiff had difficulty satisfying all the duties of store manager, there is no evidence showing that these difficulties manifested as unsatisfactory performance. Moreover, the Court notes that

- 5 -

Plaintiff offered this testimony to explain some of the TMRI test result discrepancies.

Accordingly, the Court concludes that Plaintiff has satisfied the three elements of a *prima facie* case of discriminatory termination, thereby establishing a rebuttable presumption of improper conduct by the Defendant. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094 (1981) ("Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee."). The burden now shifts to the Defendant to rebut this presumption by articulating a legitimate, non-discriminatory reason for the Plaintiff's termination.

### B. Legitimate, Non-Discriminatory Reason for Termination

Defendant K-Mac asserts that Plaintiff was terminated for violating company policies, to wit, falsifying the TMRI test results in order to hire unqualified applicants. Defendant presents records of an internal investigation which revealed: identical test answers reported for different employees, test answers had been altered for at least one applicant, test answers were reported more than once for an applicant until a passing score was achieved, and nine test answers were reported after the "hire date". (Store Audit Summary, Exh. Q of Dkt. #25). The Court finds that Defendant has articulated a legitimate, non-discriminatory reason for Plaintiff's termination and rebutted the presumption of unlawful discrimination.

### C. Showing of Pretext

By articulating a legitimate, non-discriminatory reason for Plaintiff's termination, the burden shifts back to the Plaintiff to prove that the proffered reason is merely pretextual. Plaintiff argues that similarly-situated employees who were male, younger than fifty years of age, or

Caucasian were treated more favorably than she was. Even if the Court were to infer that Defendant treated other similarly-situated store managers more favorably,[2] Plaintiff cannot meet her burden of establishing pretext here unless she establishes that Defendant's asserted reason for termination was false and that discrimination was the actual reason. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 2752 (1993) ("But a reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason.").

Here, Plaintiff presents no evidence showing that Defendant's reason for terminating her was false. Plaintiff denies any wrongdoing or falsification of the TMRI test results, but she does concede that the TMRI test answer sheets were likely "mixed up":

> Q: The TMRI test, do you know if when you called in those test results, you gave the same exact answers to the tests on repeated occasions?
>
> A: No. Because like I told you, the paperwork – we got that paperwork all mixed up and couldn't tell what was what. A lot of them didn't even have they name signed on them so we couldn't really tell who was what. Reginald Walker was doing something. I would ask him, who test is this? You know, stuff like that. And they don't know. No name on it. You know. So I don't know.

(Plaintiff's Deposition Tr., pp. 76-77, Exh. A, Dkt. #25).

While there may be a dispute as to whether the Plaintiff intentionally falsified the TMRI test results, this issue of fact is immaterial. Plaintiff has the burden of establishing pretext, but presents little more than bare denials and appears to concede that the TMRI test results had gotten "mixed up". As the record justifies Defendant's belief that the TMRI test results were falsified, and Plaintiff presents no evidence rebutting Defendant's asserted reason for her

---

[2] The Court notes that Defendant has produced records showing that it has fired at least three other managers who have allegedly falsified TMRI test results, and that those managers were Caucasian, male, and/or younger than Plaintiff.

termination, the Court concludes that Plaintiff failed to meet her burden of proving pretext. Accordingly, Defendant is entitled to summary judgment against Plaintiff's claims of employment discrimination.

IT IS THEREFORE ORDERED that the Defendant's Motion for Summary Judgment (Dkt. #25) shall be, and it is hereby, GRANTED. The Complaint is dismissed in its entirety.

Dated this 26th day of April, 2006.

    \_\_/s/Garnett Thomas Eisele\_\_\_\_\_
    UNITED STATES DISTRICT JUDGE